UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**IN ADMIRALTY**

Case No.: _____   Judge: _____

FLAGSHIP MARINE GROUP, L.L.C.
a Florida company,

        Plaintiff,

vs.

One 38' Faeton motor vessel bearing
Hull Identification No. ESTMS38011F313,
her engines, tackle, rigging, dinghies, boilers,
apparel, appurtenances, furniture, etc., *in rem*,
One 36' Faeton Formentera motor vessel bearing
Hull Identification No. ESTMSF3603C313,
her engines, tackle, rigging, dinghies, boilers,
apparel, appurtenances, furniture, etc., *in rem*,
and FAETON YACHTS, SL, a foreign
company, *in personam*.

        Defendants.
_____/

## **VERIFIED COMPLAINT**

Plaintiff, FLAGSHIP MARINE GROUP, L.L.C., by and through its undersigned attorneys and pursuant to the Federal Rules of Civil Procedure, hereby submits its Verified Complaint and sues the Defendant Vessels, one 38' Faeton motor vessel bearing Hull Identification No. ESTMS38011F313, her engines, tackle, rigging, dinghies, boilers, apparel, appurtenances, furniture, etc., *in rem*, one 36' Faeton Formentera motor vessel bearing Hull Identification No. ESTMSF3603C313, her engines, tackle, rigging, dinghies, boilers, apparel, appurtenances, furniture, etc., *in rem*, and FAETON YACHTS, SL, *in personam*, and alleges as follows:

1

1. This is an *in rem* action to foreclose on maritime liens within the Admiralty and Maritime jurisdiction of this Honorable Court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31342.

2. In addition, this is an *in personam* action for breach of contract within this Honorable Court's jurisdiction pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367.

3. Plaintiff, FLAGSHIP MARINE GROUP, L.L.C., (hereinafter "FLAGSHIP MARINE"), is a Florida limited liability company and maintains its principal place of business at 2550 S. Bayshore Drive, Suite 104, Coconut Grove, Florida 33133.

4. Upon information and belief, the Defendant Vessel – one 38' FAETON motor vessel bearing Hull Identification No. ESTMS38011F313, her engines, tackle, rigging, dinghies, boilers, apparel, appurtenances, furniture, etc. (hereinafter "38' FAETON") – is located in the Southern District of Florida and within the jurisdiction of this Honorable Court.

5. Upon information and belief, the Defendant Vessel – one 36' FAETON Formentera motor vessel bearing Hull Identification No. ESTMSF3603C313, her engines, tackle, rigging, dinghies, boilers, apparel, appurtenances, furniture, etc. (hereinafter "36' FAETON") – is located in the Southern District of Florida and within the jurisdiction of this Honorable Court.

6. Venue is proper as the underlying facts came to fruition within the Southern District of Florida and it is believed that the Defendant Vessels are located within Miami-Dade, County.

**INTRODUCTION AND FACTUAL BACKGROUND**

7. This is an *in rem* action to foreclose on maritime liens under 46 U.S.C. § 31342 for unpaid necessaries against the Defendant Vessels and an *in personam* action for breach of contract against FAETON YACHTS, SL.

8. Upon information and belief, Defendant FAETON YACHTS, SL. (hereinafter "FAETON") was and is a Spanish company and in the business of manufacturing luxury motor vessels.

9. Upon information and belief, at all times material hereto FAETON owned the 38' FAETON and 36' FAETON (hereinafter collectively "Defendant Vessels").

10. Upon information and belief, FAETON desired to market and sell its motor vessels to clients in North America.

11. To that end, FAETON had an arrangement with FLAGSHIP MARINE whereby FLAGSHIP MARINE would broker and/or sell certain FAETON vessels for a commission.

12. FAETON also authorized and ordered FLAGSHIP MARINE to import FAETON vessels from Spain to South Florida.

13. In addition, FAETON authorized and promised to pay FLAGSHIP MARINE for various services performed to the Defendant Vessels.

14. Unfortunately, and as will be set forth in detail below, FAETON has failed to pay Plaintiff FLAGSHIP MARINE for various services and necessaries rendered to the Defendant Vessels so that they could be imported and marketed in the United States.

15. FAETON has also refused to pay the commissions and compensation owed to FLAGSHIP MARINE for the sale and/or brokerage of a FAETON vessel.

## COUNT I
## PLAINTIFF'S *IN REM* CLAIM AGAINST THE 38' FAETON

16. Plaintiff, FLAGSHIP MARINE, adopts and reincorporates paragraphs 1 through 15 as if fully set forth herein, and further alleges:

17. FLAGSHIP MARINE brings this count *in rem* against the 38' FAETON to enforce a maritime lien for necessaries provided by Plaintiff to the Vessel, pursuant to 46 U.S.C. § 31342 and in accordance with Supplemental Admiralty Rule C.

18. The owner and/or authorized agent of the 38' FAETON authorized and ordered the importation of the Defendant Vessel to the United States.

19. In or about October 2013, the 38' FAETON was shipped by ocean carrier from Alicante, Spain to West Palm Beach, Florida.

20. As part and parcel with the importation to the United States, duty was due and collected by the U.S. Customs and Border Protection.

21. The duty, importation and customs services totaled $6,476.38. *See* Flagship Marine Group, Invoice No. 212, attached hereto as Exhibit "A-1."

22. In addition, services in the form of maintenance, delivery, storage, repairs and periodic inspection were rendered to the 38' FAETON.

23. Specifically, from November 2013 through and including May 2014, maintenance services were incurred at $250.00 per month for a total of $1,750.00. *See* Blue Coast Marine Services, Corp., Invoices 109, 112, 120, 133, 142, 145 and 152 attached hereto as composite Exhibit "A-2."

24. Electrical repairs/services, delivery and storage costs, and other good and valuable services were also rendered to the 38' FAETON for a total of $8,088.43 as evident and set forth in the attached invoices. *See* Flagship Marine Group, Invoice No. 111013-211 ($5,892.16), attached hereto as Exhibit "A-3"; Hurricane Cove, Invoice No. 5185 ($1,026.13), attached hereto as Exhibit "A-4"; Ward's Marine Electronic Invoice No. 0423654 ($310.14), attached hereto as

Exhibit "A-5"; Miami Marine Solutions Invoice No. 96 ($360.00) attached as Exhibit "A-6;" Blue Coast Marine Services, Corp., Invoice No. 132 ($500.00), attached hereto as Exhibit "A-7."

25. Moreover, dockage and storage was rendered to the 38' FAETON from October 2013 through and including April 2014 for a total of $8,820.02. *See* Flagship Marine Group, Invoice No. 111013-236, attached hereto as Exhibit "A-8."

26. Plaintiff FLAGSHIP MARINE rendered and/or paid for the aforesaid duty, customs services, repairs, maintenance, storage, equipment and dockage totaling $25,134.83 on behalf of the 38' FAETON in reliance on the authorization of the vessel owner and the credit of the vessel.

27. In addition, FLAGSHIP MARINE is obligated to pay for dockage continuing to be incurred by the 38' FAETON which, as of the date of filing this lawsuit, totals $4,410.01 for the months of May through July 2014.

28. The aforementioned charges were reasonable and necessary for the mission and purpose to the 38' FAETON.

29. To date, the aforementioned amounts totaling $29,544.84 remains due and owed to FLAGSHIP MARINE.

30. The failure to pay FLAGSHIP MARINE for necessaries rendered to the vessel gives rise to a maritime lien against the 38' FAETON – one 38' Faeton motor vessel bearing Hull Identification No. ESTMS38011F313, her engines, tackle, rigging, dinghies, boilers, apparel, appurtenances, furniture, etc.

31. As a result of the foregoing, Plaintiff FLAGSHIP MARINE seeks to enforce its maritime lien for necessaries through the arrest and sale of the 38' FAETON.

32. Therefore, it is respectfully requested that this Honorable Court issue a Summons and Warrant for the arrest of the Vessel and an Order for the sale of the Vessel thereby allowing Plaintiff FLAGSHIP MARINE to recoup monies owed to it for the necessary rendered and/or paid for on behalf of the 38' FAETON, together with all damages shown at trial and all other losses and expenses permitted by law, including, but not limited to, costs, attorney's fees and interest.

WHEREFORE, Plaintiff, FLAGSHIP MARINE GROUP, L.L.C., respectfully requests that this Honorable Court:

A. Issue a warrant for the arrest of the 38' FAETON and that all persons with an interest therein be cited to appear and answer the matter aforesaid;

B. That the 38' FAETON be arrested pursuant to Supplemental Rule C to the extent of the Plaintiff's maritime lien, plus all litigation costs and prejudgment interest;

C. That the 38' FAETON, her engines, tackle, rigging, dinghies, apparel, equipment, appurtenances, furniture and inventory be condemned and sold, and the proceeds be applied to pay the Plaintiff a sum equal to (1) the extent of its maritime lien asserted above and (2) a sum equal to the damages found by this Honorable Court to have been suffered by the Plaintiff, plus interest, litigation costs and arrest costs.

D. Grant any and all other relief deemed just and proper of this Honorable Court.

## COUNT II
## PLAINTIFF'S *IN REM* CLAIM AGAINST THE 36' FAETON

33. Plaintiff, FLAGSHIP MARINE, adopts and reincorporates paragraph numbers 1 through 15 as if fully set forth herein, and further alleges:

34. FLAGSHIP MARINE brings this count *in rem* against the 36' FAETON to enforce a maritime lien for necessaries provided by Plaintiff to the Vessel, pursuant to 46 U.S.C. § 31342 and in accordance with Supplemental Admiralty Rule C.

35. The owner of the 36' FAETON authorized and ordered the importation of the Defendant Vessel to the United States.

36. In or about October 2013, the 36' FAETON was shipped by ocean carrier from Alicante, Spain to West Palm Beach, Florida.

37. As part and parcel with the importation to the United States, duty was due and collected by the U.S. Customs and Border Protection.

38. The duty, importation and customs services totaled $4,597.17. *See* Flagship Marine Group, Invoice No. 212 attached hereto as Exhibit "B-1."

39. In addition, services in the form of maintenance, delivery, storage, repairs and periodic inspection were rendered to the 36' FAETON.

40. Specifically, from November 2013 through and including May 2014, maintenance services were incurred at $250.00 per month for a total of $1,750.00. *See* Blue Coast Marine Services, Corp., Invoices 108, 116, 119, 132, 141, 148 and 153 attached hereto as composite Exhibit "B-2."

41. Electrical repairs and equipment, cosmetic repairs, fuel, delivery and storage costs and other good and valuable services were rendered to the 36' FAETON for a total of $3,789.62 as evident and set forth in the attached invoices. *See* Lewis Marine Supply, Invoice No. 04684049 ($792.50), attached hereto as Exhibit "B-3"; Hurricane Cove, Invoice No. 5121 ($816.41), attached hereto as Exhibit "B-4"; Ward's Marine Electronic Invoice No. 0423653 ($310.14) attached hereto as Exhibit "B-5"; Miami Marine Solutions Invoice Nos. 95 & 117

($240.00 & $360.00) attached hereto as Exhibit "B-6"; Blue Coast Marine Services, Corp., Invoice Nos. 129 & 130 ($500.00 & $470.00), attached hereto as Exhibit "B-7;" Grove Harbour Marina receipt dated May 6, 2014 ($300.57), attached hereto as Exhibit "B-8."

42.     Moreover, dockage and storage was rendered to the 36' FAETON from October 2013 through and including April 2014 for a total of $7,995.79.  *See* Flagship Marine Group, Invoice No. 111013-236, attached hereto as Exhibit "B-9."

43.     Plaintiff FLAGSHIP MARINE rendered and/or paid for the aforesaid duty, customs services, repairs, maintenance, storage, equipment and dockage totaling $18,132.58 on behalf of the 36' FAETON in reliance on the authorization of the vessel owner and the credit of the vessel.

44.     In addition, FLAGSHIP MARINE is obligated to pay for dockage continuing to be incurred by the 36' FAETON which, as of the date of filing this lawsuit, totals $3,997.88 for the months of May through July 2014.

45.     The aforementioned charges were reasonable and necessary for the mission and purpose to the 36' FAETON.

46.     To date, the aforesaid amounts totaling $22,130.46 remains due and owed to FLAGSHIP MARINE.

47.     The failure to pay FLAGSHIP MARINE for necessaries rendered to the Defendant Vessel gives rise to a maritime lien against the 36' FAETON – one 36' Faeton Formentera motor vessel bearing Hull Identification No. ESTMSF3603C313, her engines, tackle, rigging, dinghies, boilers, apparel, appurtenances, furniture, etc.

48.     As a result of the foregoing, Plaintiff FLAGSHIP MARINE seeks to enforce its maritime lien for necessaries through the arrest and sale of the 36' FAETON.

49. Therefore, it is respectfully requested that this Honorable Court issue a Summons and Warrant for the arrest of the Vessel and an Order for the sale of the Vessel thereby allowing Plaintiff FLAGSHIP MARINE to recoup monies owed to it for the necessary rendered and/or paid for on behalf of the 36' FAETON, together with all damages shown at trial and all other losses and expenses permitted by law, including, but not limited to, costs, attorney's fees and interest.

WHEREFORE, Plaintiff, FLAGSHIP MARINE GROUP, L.L.C., respectfully requests that this Honorable Court:

A. Issue a warrant for the arrest of the 36' FAETON and that all persons with an interest therein be cited to appear and answer the matter aforesaid;

B. That the 36' FAETON be arrested pursuant to Supplemental Rule C to the extent of the Plaintiff's maritime lien, plus all litigation costs and prejudgment interest;

C. That the 36' FAETON, her engines, tackle, rigging, dinghies, apparel, equipment, appurtenances, furniture and inventory be condemned and sold, and the proceeds be applied to pay the Plaintiff a sum equal to (1) the extent of its maritime lien asserted above and (2) a sum equal to the damages found by this Honorable Court to have been suffered by the Plaintiff, plus interest, litigation costs and arrest costs.

D. Grant any and all other relief deemed just and proper of this Honorable Court.

## COUNT III
## PLAINTIFF'S *IN PERSONAM* CLAIM AGAINST FAETON
### (Breach of Contract – Unpaid Commission)

50. Plaintiff, FLAGSHIP MARINE, adopts and reincorporates paragraph numbers 1 through 15 as if fully set forth herein, and further alleges:

51. As stated, FLAGSHIP MARINE had an arrangement with FAETON to market and sell FAETON vessels in North America.

52. As compensation for the sale of a FAETON vessel, FLAGSHIP MARINE would be paid a commission.

53. On or about February 15, 2014, FLAGSHIP MARINE entered into a Yacht Purchase Agreement to sell one 2014 30' FAETON HT motor vessel (hereinafter "30' FAETON"). *See* Yacht Purchase Agreement attached hereto as Exhibit "C."

54. The Yacht Purchase Agreement specified a purchase price of $190,000.00 for the 30' FAETON. *See* Exhibit "C."

55. Upon information and belief, the 30' FAETON has been sold and delivered to the non-party buyer in accordance with the Yacht Purchase Agreement.

56. FAETON and the Plaintiff had an agreement that FLAGSHIP MARINE would be paid $19,000.00 in commission. *See* Flagship Marine Group, Invoice No. 060917-272 attached hereto as Exhibit "D."

57. To date, FAETON has failed to honor the agreement and has not paid FLAGSHIP MARINE the $19,000.00 commission earned.

58. Repeated efforts have been made by FLAGSHIP MARINE to collect the outstanding commission from FAETON.

59. Despite Plaintiff's efforts, FAETON has failed to pay the commission owed to FLAGSHIP MARINE, constituting a material breach of the agreement.

60. As a result of FAETON's breach, FLAGSHIP MARINE has been damaged.

61. To wit, FLAGSHIP MARINE is presently owed at least $19,000.00 for the underlying commission plus accruing interest, reasonable attorney's fees and cost.

WHEREFORE, Plaintiff, FLAGSHIP MARINE GROUP, L.L.C., respectfully requests that this Honorable Court enter judgment in favor of Plaintiff, FLAGSHIP MARINE GROUP, L.L.C., and against FAETON, *in personam*, in the amount of at least $19,000.00, plus accruing interest, reasonable attorney's fees and cost, together with all such losses permitted by law and for all such further and other relief which justice requires or may be deemed appropriate by this Court.

Respectfully submitted this 5th day of August 2014.

By: */s/ James H. Perry, II*
JAMES H. PERRY, II
Florida Bar No.: 991491
perry@maritimeattorneys.com
GINO BUTTÒ
Florida Bar No.: 98462
PERRY & NEBLETT, P.A.
2550 South Bayshore Drive, Suite 11
Miami, Florida 33133
Telephone:   305.856.8408
Facsimile:    305.856.8409

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared RAFAEL A. BARCA who upon being duly sworn, deposes and says:

I am the Manager of Plaintiff FLAGSHIP MARINE GROUP, L.L.C. and as such have the authority to execute this Verification; and I have read the foregoing Complaint and know the contents thereof and same are true of my own knowledge, except as to the matters therein stated upon information and belief and as to those matters, I believe they are to be true.

_____

STATE OF:

COUNTY OF:

_Rafael A. Barca_ is personally known by me _X_; or produced the following identification: _____.

SWORN TO AND SUBSCRIBED before me this _4_ day of August, 2014.

**NOTARY PUBLIC**

_James M. Mahaffey III_

_James Mahaffey_

*Printed Name*

Commission: 

12